16383

HERETIS v. TAGGS

(60 S. E. (2d) 689)

*Messrs. Fred D. Townsend,* of Columbia, and *C. E. Cooly,* of Anderson, *for Appellant,*

*Messrs. C. T. Graydon* and *J. Bratton Davis,* of Columbia, *for Respondent,*

380

July 13, 1950.

TAYLOR, Justice.

This action was begun on the 18th day of August, 1945, by the service of Summons and Complaint on the defendant. It seeks a dissolution of a partnership claimed to have existed between the parties, that the defendant be required to account for his expenditures in connection with the partnership business, which had to do with the operation of a skating rink in or about the City of Columbia, that the property held by the defendant be surrendered to the Court and a full accounting be had between the parties.

The matter was referred to the Master of Richland County who held numerous references and took a great volume of oral and other testimony relating to the situation between the parties. The Master filed his report on February 14, 1948, and exceptions by both defendant and plaintiff were made and overruled by the Honorable E. C. Dennis in a Decree, dated June 14, 1948, confirming the Master, and from that Decree, this appeal is taken.

As a preliminary to a discussion of this appeal, it should be observed that the two contracts referred to were in writing which had, however, been preceded by an oral agreement made in the Spring of 1942, written contracts made in October, 1942, and December, 1942, and culminating finally in the two contracts referred to in the exceptions.

The exceptions filed by the appellant (defendant below) are eleven in number, but in his brief the appellant concedes that there are only three questions involved, the first of which poses the question of whether the Trial Court erred in finding and concluding that plaintiff and defendant, by their contracts of November 30, 1943, and December 13,

1944, fixed the amounts which each had theretofore invested in the enterprise.

The second question stated to exist in appellant's brief is whether the Trial Court erred in charging the defendant (appellant herein) with the item of $600.00 rent, and the final question is whether or not there was error on circuit in not disallowing the $3,500.00 mortgage executed by the appellant to the respondent.

The record in this case consists of a great volume of exhibits and testimony, a small part of the 401-page transcript being devoted to the pleadings, the Report of the Master, the Decree of the Circuit Judge, and the exceptions. Both the parties to the suit were heard at great length and indeed, in our view, a great volume of irrelevant and incompetent testimony was received by the Master from each party, subject to the objection of opposing counsel. As Judge Dennis remarks in his Decree confirming the Report of the Master, the events which the testimony narrates disclose a most amazing and almost incredible state of affairs to have existed between the two parties to this action. Practically no records were kept and neither party was able in any substantial degree to corroborate his testimony as to what actually took place, except as reflected in the written contract into which their transactions finally merged.

Both parties contended throughout that his associate in business was guilty of fraudulent and sharp practices and one party, the respondent here, produced witnesses who swore that the reputation of the appellant for truth and veracity was bad, whereas no such attack was made on respondent by appellant. It is true that a gesture of rebuttal testimony as to the character of appellant was offered, but, in our view, this testimony does not meet the rule in that the parties testifying as to the character of appellant exhibited a mere acquaintance with him and did not actually know of his reputation in any way.

Boiled down and in the final analysis, it becomes a matter in large part of the credibility of the witnesses. We have taken full cognizance of the fact that both parties to this action are vitally interested in the outcome and have reached our conclusions in the matter only after a dispassionate and lengthy deliberation.

It is our judgment that the Master and the Circuit Court, having had a much better opportunity to observe the witnesses, their demeanor, etc., and having had the advantage of hearing in person and seeing in person what took place, are in far better position to judge the truth than an appellate court. It is our belief that the Master, in making his report of his findings and conclusions, came far nearer to doing actual justice between the parties than we can here. In addition to the fact that the Master and the Circuit Judge have concurred in their findings of actual fact and as to the credibility of the witnesses upon which these findings are based, it should be borne in mind that the Master sits as a jury and that it is for him to make such inferences and conclusions from the words spoken before him and from the instruments and documents introduced before him as he may deem proper. It is true that the contract, the construction of which by the lower Court bears the brunt of appellant's complaint, is not as clear as it might otherwise be as to the capital investments made by each party; but considering this instrument in connection with what had preceded its drafting and the conflicting testimony of the parties and other exhibits in the case, we are impelled to the conclusion that the Master, confirmed by the Circuit Judge, nevertheless arrived at the logical construction of this contract.

We are of the opinion that all exceptions must be overruled, the appeal dismissed, and the case remanded for the purpose of putting the Decree of Judge Dennis into effect, and It Is So Ordered.

Let the Decree be reported herewith.

Fishburne, Stukes and Oxner, JJ., and L. D. Lide, Acting Associate Justice, concur.

Baker, C. J., not participating.